UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**TYRONE HURT**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 3:17CV-7-TBR**

**DONALD TRUMP**   **DEFENDANT**

## MEMORANDUM OPINION

Proceeding *in forma pauperis*, Plaintiff Tyrone Hurt filed a *pro se* complaint on his own paper. Thereafter, in compliance with a Notice of Deficiency issued by the Clerk of Court, Plaintiff filed his complaint on a Court-supplied form. Both complaints are largely illegible and incoherent. Plaintiff lists his address as located in Washington, D.C.; names Donald Trump as the sole Defendant; and seems to indicate that he is bringing the action pursuant to 42 U.S.C. § 1983 for violation of constitutional rights.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In this case, the complaint contains conclusory allegations of constitutional violations, which the Court is not required to accept. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) ("[T]he district court need not

accept a 'bare assertion of legal conclusions.'") (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The complaint contains no factual assertions to support any legal theories upon which a valid federal claim may rest, and the allegations are baseless. The complaint, therefore, will be dismissed as frivolous.

Additionally, the complaint is subject to dismissal for improper venue. *See* 28 U.S.C. § 1406(a). Defendant is not located in the Western District of Kentucky, and nothing in the complaint describes any events occurring in the Western District of Kentucky or gives any reason for filing this action in this Court.

Furthermore, a review of the federal judiciary's online database, Public Access to Court Electronic Records ("PACER"), shows that Plaintiff has filed hundreds of cases in federal courts across the country. *See Hurt v. Encinia*, No. H-15-2602, 2015 U.S. Dist. LEXIS 147815, at *6 (S.D. Tex. Oct. 30, 2015) ("A national litigation index reveals that since 1985, Hurt has filed at least 468 civil actions in federal courts across the country."). Plaintiff has been deemed an abusive and vexatious litigant by numerous other courts. *See, e.g.*, *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) ("[W]e think 'the number, content, frequency, and disposition' of his filings shows an especially abusive pattern . . . . Hurt has brought numerous meritless appeals--suits targeting institutions, people and inanimate objects--while asking for sums of money dwarfing the size of the Federal Government's annual budget."); *Hurt v. Ferguson, Mo., Cleveland, Ohio, Baltimore, Md., All Law Enf't Officials Within This Nation Et Al, Forty-Seven States To The U.S. Of Am.*, No. 1:15-cv-01054-WTL-TAB, 2015 U.S. Dist. LEXIS 89669, at *4 (S.D. Ind. July 10, 2015) ("Mr. Hurt's abusive patterns must come to an end. Mr. Hurt's cases represent countless hours of judicial time that could be spent on cases which state viable claims."); *Hurt v. Lanier*, No. 1:14-cv-484-GZS, 2014 U.S. Dist. LEXIS

163201, at *4 (D. Me. Nov. 19, 2014) ("Taking judicial notice of the other actions Plaintiff has recently filed with this Court as well as his filing history in other districts, there is ample evidence that Hurt is an abusive and vexatious litigant.").

Finally, Plaintiff "has been repeatedly warned (to no effect) and ultimately banned from filing complaints and/or appeals in forma pauperis by numerous other districts and appellate courts." *Hurt v. Sterling*, No. 1:14-CV-436, 2014 WL 2257176, at *3 (S.D. Ohio May 29, 2014), *report and recommendation adopted*, No. 1:14CV436, 2014 WL 3573637 (S.D. Ohio July 21, 2014). In addition, because of the vexatious and frivolous lawsuits Plaintiff has filed in the Western District of Kentucky, he has been prohibited from proceeding *in forma pauperis* in any future actions filed in this Court.[1] *Hurt v. Civil Rights Lawyer*, No. 3:17-cv-39-DJH (Doc. No. 9, Mem. Op. and Order entered Mar. 22, 2017).

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date:

cc: Plaintiff, *pro se*
4413.005

---

[1] Plaintiff was permitted to proceed *in forma pauperis* in the instant action because the filing of the instant complaint predated the Court's sanction.